### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| **v.** | **Criminal Action No. 06-07-2 (JDB)** |
| **MANUEL RIVERA-NIEBLA** | |
| **Defendant.** | |

### MEMORANDUM OPINION & ORDER

Manuel Rivera-Niebla pled guilty to conspiring to import and distribute cocaine, and this Court sentenced him to 132 months in prison.  See Judgment [ECF No. 53].  He now seeks a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 782 to the United States Sentencing Guidelines ("U.S.S.G."), which retroactively reduced by two levels the offense levels assigned to certain drug offenses.  After considering the motion, the entire record herein, and the applicable law, the Court finds defendant Rivera-Niebla is ineligible for a sentence reduction under § 3852(c)(2) and will therefore deny his motion.

Section 3582(c)(2) allows the Court to reduce a previously imposed sentence where a defendant has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission.  In order to grant a motion for a sentence reduction under this section, two conditions must be met: the prisoner must be eligible for the requested reduction and early release must be "warranted."  Dillon v. United States, 560 U.S. 817, 827 (2010).  In reviewing eligibility, "the court shall determine the amended guideline range that would have been applicable to the defendant if the amendment(s) to the guidelines . . . had been in effect at the time the defendant was sentenced."  U.S.S.G. § 1B1.10(b)(1) (2014).  If

the amendment does not result in lowering the applicable sentencing range, then a defendant is not eligible for a sentence reduction.  See id. § 1B1.10(a)(2)(B).

Rivera-Niebla's motion is based on an amendment to the Sentencing Guidelines that retroactively reduced by two levels the offense levels associated with various quantities of drugs under the Guidelines' drug equivalency tables in Sections 2D1.1 and 2D1.11.  Under the Guidelines in effect when Rivera-Niebla was sentenced, a defendant received a base offense level of 38 if his drug crime involved 150 kilograms or more of cocaine.  U.S.S.G. § 2D1.1(c)(1) (2012).  The Court found at the July 27, 2012, sentencing hearing that Rivera-Niebla had "agreed that the offense involved more than 150 kilograms of cocaine" and the base offense level was therefore 38.  Sentencing Hr'g Tr. [ECF No. 67] 5:3–7.[1]  But post-amendment, base offense level 36 applies to drug crimes involving 150 to 450 kilograms of cocaine (a range that did not exist under the previous Guidelines), while base offense level 38 is reserved for crimes involving 450 or more kilograms.  U.S.S.G. § 2D1.1(c)(1) (2014).  Rivera-Niebla therefore argues that he is entitled to a sentence reduction because under the amended Guidelines base offense level 36—not 38—would apply to him.

The government opposes Rivera-Niebla's motion on the ground that his offense involved more than 450 kilograms of cocaine—at least 1,079 kilograms, in fact—a quantity that means base offense level 38 still applies, even under the amendment.  Gov't's Opp'n [ECF No. 88] at 5–6.  Rivera-Niebla disagrees, arguing that he only took responsibility for "150 kilograms or more"; he did not "expressly agree that he should be accountable for a range of 450 kilograms or more."  Def.'s Mot. [ECF No. 87] ¶ 6.  In support of his position, Rivera-Niebla points out that at sentencing the Court relied on the defendant's agreement that the offense involved more than 150

---

[1] A three-level acceptance of responsibility decrease brought the total offense level to 35. Sentencing Hr'g Tr. 5:19–21.

kilograms of cocaine in order to find that the base offense level was 38.  Id. (citing Sentencing Hr'g Tr. 5).  Therefore, he argues, the court cannot "ex post facto" find that the offense actually involved more than 450 kilograms.  Id. ¶ 3 & n.3.  But Rivera-Niebla underrepresents the record. The Court further found at sentencing that Rivera-Niebla arranged for the financing and transportation of "[o]ver a ton" of cocaine.  Sentencing Hr'g Tr. at 32:3-9.[2]  The court therefore has no difficulty in concluding that the defendant's base offense level under Amendment 782 remains 38 because his offense involved more than 450 kilograms of cocaine.  Having determined that the amendment does not alter Rivera-Niebla's applicable Sentencing Guidelines range, the Court is not authorized to make any reduction to his sentence.

For the reasons stated above, it is hereby

ORDERED that [87] Rivera-Niebla's motion to reduce his sentence is DENIED; it is further

ORDERED that [89] Rivera-Niebla's motion to designate counsel is DENIED as moot.[3]

SO ORDERED.

_____
/s/
JOHN D. BATES
United States District Judge

---

[2] Even if the Court had not found at sentencing that the drug quantity at issue exceeded 450 kilograms, the Court would not be prevented from doing so now.  United States v. Wyche, 741 F.3d 1284, 1293 (D.C. Cir. 2014) ("[A] resentencing court is permitted to make an independent drug quantity finding if it cannot determine the defendant's amended guideline range without doing so.").  The record is replete with evidence to support finding that Rivera-Niebla was responsible for more than 450 kilograms of cocaine.  For example, the statement of facts, signed by Rivera-Niebla and filed with the Court, states that "RIVERA was involved in negotiations involving the shipment of a total of 1,500 kilograms of cocaine to be transported from Peru to Mexico."  Statement of Facts [ECF No. 14] ¶ 4.  And at sentencing, defense counsel conceded the point, noting that the case involved 1,500 kilograms of cocaine. Sentencing Hr'g Tr. 23:17.

[3] Counsel had already been designated to represent the defendant and the instant motion was filed by Rivera-Niebla's attorney.  Notice of Att'y Appearance [ECF No. 86].

Dated: _December 21, 2015_